FILED

JAN 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: WILLIAM BERGERON. | No. 09-74059 |
| | D.C. No. 3:05-cv-03110-MHP<br>Northern District of California,<br>San Francisco |
| WILLIAM BERGERON,<br><br>            Petitioner, | |
|   v. | ORDER |
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO), | |
|             Respondent, | |
| YANCIE YOUNG, | |
|             Real Party in Interest. | |

Before: SILVERMAN, PAEZ and BEA, Circuit Judges.

      Petitioner has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus. *See Bauman v. United States Dist. Court*, 557 F.2d 650 (9th Cir. 1977). The posture of the case did not require the district judge to rule on qualified immunity. The district court

ec/MOATT

had before it only the real party in interest's motion; there was no cross-motion by petitioner. Accordingly, the petition is denied.

In denying the petition for writ of mandamus, we in no way preclude the petitioner from seeking a ruling by the district court on his affirmative defense of qualified immunity either by a properly filed motion for summary judgment or at trial.

Petitioner's alternative request to construe this petition as a notice of appeal of the district court's December 14, 2009 order, entered December 15, 2009, and a motion for stay of district court proceedings is denied.


BEA, Circuit Judge:

I dissent. The district court erred in entering partial summary judgment in favor of real party in interest Young with respect to his 42 U.S.C. § 1983 claim of an unconstitutional search without having determined the issue of qualified immunity, *vel non*. *See Pearson v. Callahan*, 129 S. Ct. 808 (2009); *Saucier v. Katz*, 121 S. Ct. 2151 (2001).